**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CRYSTAL D. CAPOLUPO,**

        **Plaintiff,**

**-vs-**                                                                        **Case No. 6:11-cv-1493-Orl-28KRS**

**CRANIUM CLUBHOUSE, INC., EDDIE GRAY,**

        **Defendants.**
_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE (Doc. No. 18)** |
| **FILED:** | **December 22, 2011** |

Plaintiff Crystal D. Capolupo and Defendants Cranium Clubhouse, Inc. and Eddie Gray stipulate to voluntary dismissal with prejudice of Plaintiff's claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* They represent that after review of time and payroll records they agree that no FLSA wages are owed to Plaintiff. Doc. No. 18.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[1] the Eleventh Circuit

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised

his claim within the meaning of *Lynn's Food Stores*.

In this case, the parties have stipulated that Plaintiff is not owed any FLSA wages and, therefore, she would not be entitled to liquidated damages. Because the parties agree that there is no FLSA claim that is being compromised, there is no settlement for the Court to consider.

Accordingly, I **respectfully recommend** that the Court **GRANT** the Joint Stipulation for Voluntary Dismissal with Prejudice, Doc. No. 18, **DISMISS** the case with prejudice with each party bearing their own fees and costs, and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 28, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy